**CHAMPION INTERNATIONAL CORPO-RATION, the Successor in Interest of St. Regis Corporation, (Formerly St. Regis Paper Company), Relator,**

v.

**The TWELFTH COURT OF APPEALS, Respondent.**

No. C–7392.

Supreme Court of Texas.

July 13, 1988.

Rehearing Denied Feb. 8, 1989.

Robert G. Osborn, Zeleskey, Cornelius, Rogers, Hallmark & Borgfeld, Lufkin, Kennith Frank, Stamford, Conn. and Tom Hart, Huntsville, for Champion Intern. Corp.

Ron Adkison, Wellborn, Houston, Adkison, Mann, Sadler & Colley, Henderson, for respondent.

ORIGINAL MANDAMUS PROCEEDING

PER CURIAM.

Relator, Champion International Corporation, seeks mandamus relief from the court of appeals' conditional grant of mandamus compelling the trial court to vacate its order setting aside a jury verdict, granting a mistrial, and setting this case on the trial docket. We conclude that the trial court acted within its discretion and conditionally grant the writ against the court of appeals.

This matter arises out of an action brought by the real party in interest, George Muckleroy, over a contract to supply wood chips to St. Regis Corporation, which has been succeeded in interest by Champion International Corporation. Muckleroy alleged that St. Regis had breached the contract and that it had made various misrepresentations. The action was apparently tried on both fraud and contract theories. The first two jury questions asked, respectively, whether St. Regis breached the contract, and if so, what amount would reasonably compensate Muckleroy. The remaining questions dealt with fraud, but there was no question inquiring as to actual damages. The jury found a breach of contract and contract damages; it also found one fraudulent misrepresentation and awarded punitive damages.

Muckleroy moved for judgment and Champion moved for judgment non obstante veredicto. In its post-verdict pleadings, Champion raised the improper admission of parol evidence, the legal and factual sufficiency of the evidence—particularly as to

the contract damages award—and the lack of a finding of actual damages for fraud.

Thereafter, the trial court signed a ":Letter Order" which explained:

> The court has carefully considered the entry of Judgment in this case and *finds that a mistrial would be in the best interest of justice because Judgment cannot be entered on the verdict for either party with that degree of certainty required.* Therefore, the Court orders a mistrial.

The order also indicated that the case would be rescheduled for trial.

On Muckleroy's petition, the court of appeals conditionally granted mandamus. The court of appeals reasoned that although the trial court was authorized by Tex.R.Civ.P. 300 to order a mistrial and a new trial, it was an abuse of discretion for the trial court to do so without stating "adequate legal grounds." The CA, however, also concluded that it could compel only the exercise of discretion, not the particular manner in which that discretion was to be exercised.

In reviewing the court of appeals' action, our focus remains on the trial court. Mandamus will lie only to correct a clear abuse of discretion, or the violation of a duty imposed by law, when there is no adequate remedy by appeal. An appellate court acts in excess of its writ power— abuses its discretion—when it grants mandamus relief absent these circumstances. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). On the other hand, a trial court enjoys broad discretion in granting a new trial, before or after judgment. *See Johnson*, 700 S.W.2d at 918; *Johnson v. Court of Civil Appeals*, 162 Tex. 613, 350 S.W.2d 330 (1961). Under the 1985 *Johnson* case, a trial court may, in its discretion, grant a new trial "in the interest of justice." We conclude that the trial court's letter order in fact granted a new trial "in the interest of justice." *See Johnson*, 700 S.W.2d at 918. *Cf. Cortimeglia v. Davis*, 116 Tex. 412, 292 S.W. 875, 876 (1927).

The decision of the court of appeals conflicts with this court's opinions in both the 1985 and 1961 *Johnson* cases. Pursuant to Tex.R.App.P. 122, without hearing oral argument, a majority of the court conditionally grants mandamus relief. The writ will issue only if the court of appeals fails to set aside it order.