**In the Interest of A.M.G.**

**No. 04–98–00667–CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 20, 1999.

---

Michael D. Robbins, San Antonio, for Appellant.

Kathleen Curry, Law Offices of Kathleen Curry, San Antonio, David Joseph Rodriguez, Daniel Guerrero, Law Offices of Daniel Guerrero, Scott Roberts, Asst. Criminal Dist. Atty., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

The appellant, Elaine Maree Gonzales, challenges the trial court's order terminating her parental rights to her daughter, A.M.G. Specifically, Gonzales contends that the trial court abused its discretion by denying her motion for a new trial (MNT). We disagree and affirm the judgment of the trial court.

### Background

The State filed a Suit Affecting the Parent–Child Relationship in regard to A.M.G. on October 31, 1996, and the case was set for trial. Approximately one year later, on October 21, 1997, Gonzales filed a motion for continuance of trial and a request for admissions from the State. Associate Judge Peter Sakai conducted a hearing on Gonzales's motion for continuance on November 5, 1997. At the conclusion of the hearing, Judge Sakai stated that the case was being continued by "agreement by the parties," and then reset the case to April 13, 1998. At the same time, Judge Sakai extended the discovery deadline until January 13, 1998. The State's attorney interpreted the latter action to mean that the State's deadline for responding to Gonzales's request for admissions had been extended from November 20, 1997 [1] to January 13, 1998, and accordingly filed responses to Gonzales's request on January 13, 1998.

On the day trial was set, Gonzales moved that the admissions be deemed admitted because the State's responses were untimely. Judge R.L. Eschenburg, who presided at trial, deemed the admissions admitted. The following day, however, Judge Eschenburg acted on the State's

---

1. Under Rule 198 of the civil discovery rules, responses to a request for admissions are due within 30 days after service of the request. See Tex.R. Civ. Proc. 198.2(a).

motion to strike the deemed admissions and struck the deemed admissions stating, "the Court struck the deemed admissions because the Court held that, before looking at the record of the hearing where the continuance was granted, that the answers to the request for admissions were not timely. But based on Judge Sakai granting the continuance until January the 13th of this year, the answers were timely and, thus, were not deemed admitted as a matter of law." The case then proceeded to trial and a jury determined that Gonzales's parental rights to A.M.G. should be terminated.

After trial, Gonzales's attorney moved for a new trial, contending that the trial court erred by striking the deemed admissions because Judge Sakai did *not* extend the State's deadline for filing responses to the request for admissions, but instead extended the final date on which discovery requests could be served. The attorney further argued that the result of the proceeding would have been different had the admissions not been struck. Judge Eschenburg denied the motion, stating to Gonzales's attorney, "you may be right, but I'm going to let the 4th Court decide.... It [sic] just too important for me to-to do it."

## Standard of Review

■■■ On appeal, Gonzales asserts that the trial court abused its discretion by denying a new trial because the court erred by striking the deemed admissions. When a MNT is based on a complaint that is not enumerated in Rule 324 of the Texas Rules of Civil Procedure like this one, the court of appeals uses an abuse of discretion standard to determine whether the trial court erred by denying the motion. *Champion Int'l Corp. v. Twelfth Court of Appeals,* 762 S.W.2d 898, 899 (Tex.1988); *Interest of J.(B.B.) M.,* 955 S.W.2d 405, 408 (Tex.App.—San Antonio 1997, no writ).

Because a trial court has broad discretion in ruling on a MNT, the reviewing court will not disturb the trial court's discretion absent a clear abuse of discretion. *Champion Int'l,* 762 S.W.2d at 899.

## Denial of the New Trial

■■■ Rule 320 of the Texas Rules of Civil Procedure gives the trial judge the discretion to grant a motion for a new trial. Tex.R. Civ. Proc. 320. When discretion is committed by law to the trial court, the trial judge must exercise that discretion in a rational manner. *Landon v. Jean–Paul Budinger,* 724 S.W.2d 931, 938 (Tex.App.—Austin 1987, no writ). Because whether "the trial court acted rationally or irrationally, in a legal sense, may only be appraised in reference to the factual context in which the court acted in making its choice between possible alternative rulings,." *id.,* we consider the factual context Judge Eschenburg was faced with in ruling on the MNT.

At the hearing on the MNT, the State's attorney contended that the court's ruling on the State's motion to strike the deemed admissions was correct because the State's response to Gonzales's request for admissions was timely. By affidavit, and on the record, the State's attorney attested that she and Gonzales's attorney had agreed that the case should be continued in order to provide Gonzales the opportunity to engage in her family service plan.[2] The attorney further attested that she and Gonzales's attorney had "specifically agreed to extend the discovery process for response and requests until January 13, 1998." Based on this agreement, the State's attorney argued that Judge Sakai's ruling on November 5, 1997 extended the State's deadline for responding to Gonzales's request for admissions. This position was supported by an affidavit wherein the au-

---

**2.** Gonzales had been in correctional custody and thus had been unable to demonstrate her ability to care for A.M.G.

thorized representative of TDPRS[3] attested that she had spoken to Gonzales's attorney several times after the November 5, 1997 hearing about the State's responses and that the attorney repeatedly assured her that she should not "worry about it, get it to me when you can." Under this interpretation of what had occurred, the State's responses were not untimely, and the State's responses should not have been deemed admitted.

Contrarily, Gonzales's attorney argued that the trial court erred by striking the deemed admissions because the State's responses to the request for admissions were untimely. Gonzales's attorney denied that he had agreed with the State's attorney to extend the State's deadline for responding and contended that he had requested an extension of the discovery deadline in order to extend the time period during which he could propound discovery to the State. Gonzales's attorney further argued that although Judge Sakai's ruling extended the final date on which discovery requests could be served, the ruling did not extend the State's deadline for responding. Gonzales's attorney also presented testimony from a lawyer who practiced in Judge Sakai's court that supported his interpretation of Judge Sakai's ruling. As a result, Gonzales's attorney maintained that the deemed admissions should not have been struck because the State's responses were untimely. Consequently, Judge Eschenburg was faced with at least two questions of fact: did the attorneys agree that the State's deadline for responding to the request for admissions, and did Judge Sakai's ruling extend the State's deadline for responses?

■ In exercising discretion, the trial court abuses its discretion if the court makes a choice that is legally unreasonable in the factual-legal context in which the decision is made. *Landon,* 724 S.W.2d at 939–940. To establish an abuse of discretion, the appellant must establish that the trial court could have reasonably reached

only one decision. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). "Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable." *Id.* In this case, each of the interpretations above is reasonable. The record reflects that Judge Eschenburg believed that the State's deadline for responding to the request for admissions had been extended. This interpretation was rational in light of the State's evidence. If the interpretation was correct, the State's response was not untimely and the deemed admissions should have been struck. As a result, the trial court's action to strike the deemed admissions was proper.

■ However, even if Judge Eschenburg was wrong about the meaning of Judge Sakai's ruling, the trial judge has the discretion to strike deemed admissions if the party against whom the admissions is made shows good cause for striking the deemed admissions, and if the court finds that the party relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved. Tex.R. Civ. Proc. 198.3. In the instant case, the State relied on its attorney's belief that the State's deadline had been extended to show good cause. Indeed, the State's filing on January 13, 1998 indicated that the State's attorney honestly believed that the State's deadline for responding had been extended. And, because Gonzales received the State's response 90 days before trial, the trial court could reasonably find that Gonzales would not be prejudiced by striking the deemed admissions. Likewise, the trial court could reasonably conclude that the presentation of the merits of the action would be subserved since the case was to proceed to trial by a jury. Under these circumstances, we cannot conclude that the trial court abused its discretion in denying a new trial.

**3.** Texas Department of Protective and Regulatory Services.

We overrule Gonzales's issue on appeal and affirm the judgment of the trial court.