NO. 07-06-0075-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 25, 2008
_____

CONNIE ALLEN, SURVIVING SPOUSE AND
LEGAL REPRESENTATIVE OF GRANVILLE DEAN ALLEN,

Appellant

v.

TED. C. SCOTT, M.D.,

Appellee

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-519,163; HON. J. BLAIR CHERRY, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Connie Allen, surviving spouse and legal representative of Granville Dean Allen, appeals from a judgment denying her recovery against Ted C. Scott, M.D. Through six issues, she contends that the trial court erred by 1) denying her motion for new trial, 2) instructing a verdict on the issue of exemplary damages and 3) excluding her expert's published article. We affirm.

***Issue One – Motion for New Trial - Insufficient Evidence***

Through her motion for new trial, Allen attacked the legal and factual sufficiency of the evidence supporting the verdict. Purportedly, the trial court erred because, in her view, the evidence conclusively showed that Granville had symptoms of a post-operative gastric leak which symptoms went ignored by Scott. We overrule the issue.

Whether the trial court erred in denying a motion for new trial depends on whether it abused its discretion. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex.1988) (orig. proceeding). And, that depends upon whether its decision was arbitrary, capricious or without basis in guiding rules and principles or fact. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). One guiding principle dictates that evidence supporting a verdict is not legally insufficient if it enables reasonable and fair-minded jurors to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). And, whether it did requires us to review all the evidence, giving deference to that favoring the verdict if reasonable and fair-minded jurors could and disregarding that contrary or unfavorable to the verdict unless reasonable and fair-minded jurors could not. *Id.* Another principle holds that the verdict is not factually insufficient if upon considering the entire evidentiary record, the verdict is not so against the great weight of the evidence as to be clearly wrong. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). And, in neither case may we simply substitute our judgment for that of the factfinder. *Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757, 761 (Tex. 2003). With these standards in mind, we turn to the record before us.

Allen contended that Scott committed medical malpractice by failing to recognize and respond (via additional surgery) to symptoms indicative of a post-surgical gastric leak. The failure to so recognize and respond to the symptoms proximately caused Granville's death, she concluded. While she cited the court to testimony purporting to illustrate the existence of those symptoms, other testimony of record depicted that the symptoms were related to maladies unrelated to a gastric leak. Furthermore, at least one expert testified that returning the patient to surgery would have been improper due to his pulmonary condition. This contradictory evidence created a fact issue for the jury to resolve. *May v. Barton's Pump Service, Inc.,* 153 S.W.3d 469, 474 (Tex. App.– Amarillo 2004, no pet.). So, since the trial court was obligated to defer to the way in which the jury weighed the evidence and resolved evidentiary disputes, we cannot say that its decision to overrule that part of the motion for new trial founded upon claims of legal and factual insufficiency evinced an abuse of discretion.

### Issue Two - Gross Negligence

Next, Allen contends that the trial court erred when it instructed a verdict against her claim for gross negligence. We overrule the issue.

The jury having found no negligence on the part of Scott, there is no basis upon which to predicate liability for gross negligence. In other words, we find little fault in a decision effectively holding that there was no evidence of gross negligence given the absence of a finding of negligence.

3

### *Issue Three - Exclusion of Evidence*

Next, Allen asserts that the trial court erred by excluding evidence of an article written by a defense expert. The article purportedly was admissible for impeachment purposes and because it was used by the expert at trial to refresh his memory. For the following reasons, we overrule the issue.

Below, Allen stated that the article was admissible because it was used to refresh a witness' memory. That same contention is mentioned here. Yet, she also posits that it should have been admissible for impeachment purposes. The latter theory was not broached below, however; thus, it was waived. *Moser v. Davis*, 79 S.W.3d 162, 169 (Tex. App.–Amarillo 2002, no pet.) (holding that the grounds asserted on appeal must comport with those mentioned at trial to preserve a complaint, and if they do not then the issue is waived).

As for the former ground, Allen had the burden to establish the admissibility of the article. *Formosa Plastics Corp., USA, v. Kajima Intern., Inc.,* 216 S.W.3d 436, 468 (Tex. App.–Corpus Christi 2005, pet. filed) (stating that the proponent of evidence has the burden to establish its admissibility). Furthermore, while writings used to refresh the memory of a testifying witness may be admissible, the rule encompasses simply "those portions [of the document] which relate to the testimony of the witness." TEX. R. EVID. 612. In other words, the entire document is not necessarily admissible; only those portions relating to the witness' testimony are. Here, Allen attempted to admit the entire document. Allen did not argue that its entirety related to the expert's testimony. Nor did

4

she show that it did. And, as its proponent, it fell upon her to do so per the terms of Rule 612. Thus, the trial court did not abuse its discretion in excluding the article.

***Issues Four, Five and Six - Newly Discovered Evidence, Discovery Abuse, Fraud***

Allen's final three issues involve a document wherein Scott purportedly admitted his negligence and entitled her to a new trial. The document was entitled "Agreed Order" and concerned an administrative or disciplinary proceeding initiated against Scott before the Texas Medical Board. Though signed by Scott on October 4, 2005, the presiding officer of the Medical Board did not execute it until December 9, 2005, or shortly after trial ended. According to Allen, it constituted newly discovered evidence and evinced that Scott abused the discovery process and defrauded the court. These circumstances, therefore, mandated a new trial so that it could be tendered to the factfinder for consideration in assessing Scott's negligence, concluded Allen. We overrule the issues.

Of the numerous statements in the "Agreed Order," one is of particular import. It states that the "Agreed Order is a settlement agreement under the Texas Rules of Evidence for purposes of civil litigation." According to our Supreme Court, "settlement agreements are discoverable . . . to the extent relevant . . . but not admissible at trial to prove liability." *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 649 (Tex. 1995), *citing* TEX. R. EVID. 408. Moreover, irrespective of how she characterizes the discovery of the document or Scott's purported failure to disclose it and its contents, it is clear that Allen sought a new trial so that she could tender the "Agreed Order" as evidence establishing Scott's negligence. Because that would have violated the Supreme Court's directive in

5

*Ford Motor Co. v. Leggat*, we cannot say that the trial court abused its discretion in refusing to grant Allen a new trial to effectuate her intent.

Accordingly, the judgment is affirmed.

Per Curiam