Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00595-CV

Sandra **VEJARA**,
Appellant

v.

**LEVIOR INTERNATIONAL, LLC** and Pierre Gama,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-08524
Honorable Peter Sakai, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  October 31, 2012

AFFIRMED

Appellees Levior International, LLC and Pierre Gama (collectively "Levior") sued appellant Sandra Vejara for breach of contract and breach of fiduciary duty relating to the operation and ownership of Bulls Eye Beverages, LLC ("Bulls Eye").  Vejara filed a counterclaim alleging fraud.  The jury returned a verdict in favor of Levior on the breach of contract and breach of fiduciary duty claims, and in favor of Vejara on the fraud claim.  The trial court rendered judgment in accord with the verdict, but subsequently granted Levior's motion for

judgment notwithstanding the verdict ("JNOV") with regard to the fraud claim. On appeal, Vejara, appearing pro se in this court, challenges the court's judgment on the breach of contract and fiduciary duty claims, and the trial court's granting of the JNOV in favor of Levior. We affirm the trial court's judgment.

## BACKGROUND

Vejara and Jesse "Jay" Aguilar formed Bulls Eye Beverage Company[1] to create and distribute an energy drink called "Bulls Eye." Vejara and Aguilar each owned a fifty percent interest in the company. Vejara secured start-up capital to produce the energy drink and secured additional inventory, including two company vans. Needing additional funding for the company, Vejara sought investors. In December 2009, Vejara met Pierre Gama, managing member of Levior International, LLC. Levior was interested in becoming a distributor for Bulls Eye.

On March 25, 2010, Aguilar transferred his fifty percent interest in the company to Vejara, who became the sole owner. On April 21, 2010, Vejara and Levior entered into a company agreement ("the Agreement") relating to the ownership of Bulls Eye.[2] Pursuant to the Agreement, Vejara owned thirty percent of the company and Levior owned seventy percent.

The Agreement provided that if Aguilar, who was working for Coca-Cola, left or was terminated from his position with Coca-Cola, he would have the opportunity to gain thirty percent ownership of Bulls Eye from Levior's seventy percent, but would be required to make a capital contribution to the company. However, in a document dated April 21, 2010, Aguilar renounced his rights of membership or ownership in Bulls Eye. According to Aguilar, he

---

[1] When Levior joined Bulls Eye, Bulls Eye Beverage Company became Bulls Eye Beverages, LLC.
[2] Vejara and Levior drafted a company agreement on April 9, 2010. Then, on April 21, 2010, the parties drafted a second company agreement, which included a merger clause stating the agreement "supersede[d] all prior contracts or agreements with respect to the Company." In spite of Vejara's references in her brief to the April 9 agreement, the April 21, 2010 agreement is the operative agreement, as stated in the trial court's findings in its July 26, 2010 order.

prepared the document on April 21, 2010, and signed it sometime during the first two weeks of May 2010, prior to his termination from Coca-Cola and before any condition precedent to the vesting of his ownership occurred under the Agreement.

On April 27, 2010, Vejara was removed as president of Bulls Eye by Levior, and Gama appointed himself president of Bulls Eye. Bulls Eye energy drinks, along with two company vans, were stored in a warehouse owned by San Antonio West Loop II Investors ("SA Loop"). After Vejara was removed as president, SA Loop denied Levior access to the merchandise and the vans in storage on the basis that SA Loop signed a lease agreement with Vejara, and there was past due rent. Vejara refused to assist in obtaining the merchandise and retained possession of the keys to the two vans.

On June 15, 2010, Vejara and Levior entered into a Settlement Agreement regarding their dispute over Bulls Eye. Under the Settlement Agreement, Vejara and Levior stipulated the April 21, 2010 Agreement was the operative agreement, and under the Agreement Levior owned seventy percent of Bulls Eye, and Vejara owned thirty percent. In addition, they agreed Vejara would give Levior complete and unrestricted access to the company's records and inventory, including the vehicles used for Bulls Eye's distribution. Subsequently, Vejara repudiated the Settlement Agreement, arguing it was obtained through fraud and claiming Aguilar's signature on the document renouncing his ownership in Bulls Eye was a forgery.

Levior brought suit, alleging Vejara breached the Settlement Agreement and her fiduciary duty to Levior. Vejara filed a counterclaim for fraud. The matter was tried to a jury. The jury found Vejara failed to comply with the Settlement Agreement and awarded damages for Levior in the amount of $19,550. The jury also found Vejara failed to comply with her fiduciary duty to Levior, but awarded no damages for this breach. The jury also found Levior committed fraud

against Vejara. Thereafter, the trial court granted Levior's motion for JNOV with regard to the fraud claim. Vejara then perfected this appeal.

## ANALYSIS

On appeal, Vejara raises the following issues:

(1) Whether the trial court abused its discretion in holding that Vejara failed to put on any evidence in regards to her damages by fraud committed by Levior; (2) whether the jury erred in their verdict of breach of contract by Vejara and did the trial court abuse its discretion by not reversing the decision; (3) whether the jury erred in their verdict of breach of fiduciary duty by Vejara and did the trial court abuse its discretion by not reversing the decision; (4) whether the trial court abused its discretion by not submitting a jury charge question on Vejara's affirmative defenses; (5) whether the trial court abused its discretion by granting a JNOV when Vejara has a preponderance of evidence and was able to satisfy the required elements to prevail in a cause of action for fraud; (6) whether the trial court abused its discretion by denying Vejara a jury question for wrongful conduct, exemplary damages, attorneys' fees, cost of court by statute and common law; (7) whether Vejara's constitutional rights were violated; and (8) whether the trial court abused its discretion by denying Vejara a new trial.

We review Vejara's issues based on her substantive arguments relating to each issue and in the most logical order.

## JURY CHARGE

Vejara first challenges the jury's finding on the breach of contract claim. Vejara argues the jury committed "error" and the trial court "abused its discretion" by not reversing the verdict on this claim, because the jury charge "did not specify a particular contract." We construe her argument as a challenge to the jury charge. She also complains the trial court erred in refusing to submit certain jury questions.

### *Standard of Review*

An appellate court reviews a trial court's decision to submit or refuse a particular definition or instruction under an abuse of discretion standard. *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012); *In re V.L.K.*, 24 S.W.3d 338, 341 (Tex. 2000). A proper jury instruction: (1)

assists the jury; (2) accurately states the law; and (3) is supported in the pleadings and evidence. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 855–56 (Tex. 2009). The trial court must submit jury questions, instructions, and definitions that are raised by the written pleadings and the evidence. TEX. R. CIV. P. 278.

### *Application*

Vejara argues the jury charge did not specify the particular contract she allegedly breached, and a breach of contract finding was erroneous if the jury did not know what agreement she had allegedly breached. She also argues the trial court abused its discretion by not submitting a jury question on her affirmative defenses, and by denying her a jury question for wrongful conduct, exemplary damages, attorney's fees, and court costs.

To preserve error in the jury charge, a party must make the trial court aware of the complaint, timely and plainly, and obtain a ruling. *Thota*, 366 S.W.3d at 689; *see* TEX. R. CIV. P. 274 (noting party must distinctly object to preserve error, and "[a]ny complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections"); *see also* TEX. R. APP. P. 33.1 (stating party must timely object and make complaining grounds with sufficient specificity, unless specific grounds were apparent from context, and must obtain ruling).

A review of the record shows Vejara did not object to the jury charge before it was submitted to the jury. During the formal charge conference, Vejara was given a chance to object to the jury charge. She did not complain the jury charge failed to specify what agreement she had breached. With regards to her affirmative defenses and damages, Vejara did request, prior to the charge conference, a jury instruction on her affirmative defenses and on exemplary damages, attorneys' fees, and court costs. However, she never obtained a ruling on her requests.

Moreover, when given a chance to object to the charge at the conference, she failed to object or complain about the missing instructions and questions. A party must make a timely complaint to the trial court and obtain a ruling in order to preserve error for appeal on jury charge. *Thota*, 366 S.W.3d at 689; *see* TEX. R. APP. P. 33.1. Vejara did not properly complain about the jury charge, and thus has failed to preserve error for appeal. *See id.* Accordingly, we overrule Vejara's issues regarding the jury charge.

## BREACH OF FIDUCIARY DUTY

Vejara next challenges the jury's finding on the breach of fiduciary duty claim. Although Vejara argues the jury committed "error" and the trial court "abused its discretion" by failing to reverse the verdict on the breach of fiduciary duty claim, we construe her complaint as a challenge to (1) the existence of a duty as a matter of law, and as a (2) legal and factual sufficiency challenge to the jury's finding that she breached her fiduciary duty to Levior.

### *Finding of Duty as a Matter of Law*

Vejara first argues she had no fiduciary duty to Levior because she was only a minority shareholder of Bulls Eye. To recover for a breach of fiduciary duty claim, a party must typically show the existence of a fiduciary relationship, the breach of a fiduciary duty, and resulting injury. *See Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999); *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

In the jury charge, the trial court asked the jury if Vejara complied with her fiduciary duty to Levior. Then, the court instructed the jury that in order to find Vejara breached her fiduciary duty, Levior had to show:

- the transaction(s) in question was/were not fair and equitable; or
- Vejara did not make reasonable use of the confidence that Levior placed on her; or

- Vejara failed to act in the utmost good faith toward Levior; or

- Vejara placed her own interests before Levior, using the advantage of her position to gain a benefit for herself; or

- Vejara failed to fully and fairly disclose all important information to Levior.

Vejara did not lodge any objection to the charge and did not request additional instructions. By virtue of the first part of the question in the jury charge, the trial court presupposed the existence of a fiduciary relationship between Vejara and Levior. Vejara failed to object to the omission of a question or instruction on the existence of a fiduciary duty, or to the court's presupposition of the existence of a duty. She never raised this complaint below in any way. *See* TEX. R. APP. P. 33.1. Therefore, we hold Vejara waived her right to raise this complaint on appeal. *See Thota*, 366 S.W.3d at 689; TEX. R. CIV. P. 274.

Even if we hold Vejara did not waive her right to complain about the existence of a fiduciary duty, we hold such a duty existed based on the record. Vejara argues she had no fiduciary duty to Levior because she was removed as president of Bulls Eye and was only a minority shareholder of Bulls Eye, a limited liability corporation. We agree Vejara did not have a formal fiduciary duty to Levior as a matter of law, as Texas does not recognize a broad formal fiduciary relationship between majority and minority shareholders in closely-held companies. *See Allen v. Devon Energy Holdings, L.L.C.*, 367 S.W.3d 355, 391 (Tex. App.—Houston [1st Dist.] 2012, pet. filed). However, Texas courts have recognized that in the same manner that business partners owe each other and their partnership a fiduciary duty, the nature of the relationship between shareholders in a limited liability company sometimes gives rise to an informal fiduciary duty between the shareholders. *Devon Energy Holdings, L.L.C.*, 367 S.W.3d at 392–93 (noting limited liability companies are substantially similar to partnerships, and courts in many jurisdictions have recognized fiduciary duty between members of limited liability

company); *see Redmon v. Griffith*, 202 S.W.3d 225, 237 (Tex. App.—Tyler 2006, pet. denied) (noting fiduciary duty among co-shareholders of closely held corporation may exist depending on circumstances and nature of relationship); *Pabich v. Kellar*, 71 S.W.3d 500, 504–05 (Tex. App.—Fort Worth 2002, pet. denied) (same); *Kaspar v. Thorne*, 755 S.W.2d 151, 155 (Tex. App.—Dallas 1988, no writ) (same).

In *Devon Energy*, the court held a majority shareholder owed a fiduciary duty to a minority shareholder due to the operating control he had over the affairs of the company, which gave him intimate knowledge of the company's daily affairs and plans. *Id.* at 392–93. In this case, while not a majority shareholder, Vejara exhibited the same type of control and had intimate knowledge of Bulls Eye's affairs. For example, Vejara created the company, entered into leases on behalf of the company, held keys to the company's vans, and had exclusive access to the company's inventory held in storage. Thus, we hold Vejara's control and intimate knowledge of the company's affairs and plans gave rise to the existence of an informal fiduciary duty to Levior.[3] *See id.*; s*ee also Miller v. Miller*, 700 S.W.2d 941, 945–46 (Tex. App.—Dallas 1985, writ ref'd n.r.e.) (stating shareholders' intimate knowledge of company's affairs supported finding fiduciary relationship).

### *Legal and Factual Sufficiency*

In the alternative, Vejara argues that in the event there was a fiduciary relationship, there is insufficient evidence to show she breached her fiduciary duty.

In conducting a legal sufficiency review, an appellate court considers the evidence in the light most favorable to the challenged finding, indulging every reasonable inference to support it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). Additionally, the court credits

---

[3] Even if this court determined there was no fiduciary relationship between Levior and Vejara, and therefore no breach of fiduciary duty, such a determination would be of no consequence in this case, as the jury awarded no damages for the breach of fiduciary duty claim.

favorable evidence if reasonable jurors could, while disregarding any contrary evidence unless reasonable jurors could not. *Id.* at 827. A legal sufficiency challenge will be sustained when less than a scintilla of evidence is offered to establish a vital fact. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006). Evidence that a fact exists does not exceed a scintilla if it is "'so weak as to do no more than create a mere surmise or suspicion.'" *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)). It is the jury alone that determines the credibility of witnesses, the weight to be given their testimony, and whether to accept or reject all or part of their testimony. *City of Keller*, 168 S.W.3d at 822. Recognizing this role, we will not invade the jury's determination so long as the evidence falls within the zone of reasonable disagreement. *Id.*

In reviewing the factual sufficiency of the evidence, we consider all evidence and will set aside the finding only if the evidence supporting the finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). A factual sufficiency attack on an issue on which appellant did not have the burden of proof requires the complaining party to demonstrate there is insufficient evidence to support the adverse finding. *Star Enter. v. Marze*, 61 S.W.3d 449, 462 (Tex. App.—San Antonio 2001, pet. denied). A reviewing court will reverse the trial court "only if the evidence which supports the jury's finding is so weak as to be clearly wrong and manifestly unjust." *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)); *see also Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex. 1985). At trial, Levior had the burden of proving Vejara breached her fiduciary duty. Vejara must show there was insufficient evidence to support the jury's finding on this claim. *See Star Enter*, 61 S.W.3d at 462.

The record in this case shows there is legally and factually sufficient evidence to support the jury's finding that Vejara breached her fiduciary duty to Levior and that this breach caused injury to Levior. The record reflects Vejara failed to act in the utmost good faith toward Levior. Vejara signed a lease with SA Loop to use one of their facilities to store Bulls Eye's inventory. When Levior tried to access this inventory, SA Loop denied Levior access to the inventory, including two company vans used to distribute the product. Although Vejara argues she never had personal possession of company property or the inventory locked up in SA Loop's facility, the evidence shows Vejara had keys to the company vans. She also refused to authorize SA Loop to turn over or give access, control, or possession to Levior of all inventory owned by Bulls Eye. Vejara's refusal prevented Levior from selling the product, entering into contracts, and fulfilling its obligations to distributors. Thus, after viewing the entire record and the evidence in support of and against Vejara's breach of fiduciary duty, we find the jury's determination was supported by sufficient evidence. Accordingly, we overrule Vejara's issue.

### JUDGMENT NOTWITHSTANDING VERDICT

Vejara argues the trial court abused its discretion by granting a JNOV when she produced evidence to show Levior committed fraud, including damages she suffered as a result of the fraud. We disagree.

### *Standard of Review*

A trial court may disregard a jury's finding and grant a motion for judgment notwithstanding the verdict only when there is no evidence to support the jury's finding. TEX. R. CIV. P. 301; *Komet v. Graves*, 40 S.W.3d 596, 603 (Tex. App.—San Antonio 2001, no pet.). This court reviews a judgment notwithstanding the verdict under a legal sufficiency or "no evidence" standard of review. *Guzman v. Synthes*, 20 S.W.3d 717, 719 (Tex. App.—San

Antonio 1999, pet. denied). In determining whether there is no evidence to support a jury verdict, we consider the evidence favorable to the jury's verdict and reasonable inferences that tend to support it. *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003); *Guzman*, 20 S.W.3d at 719. If there is more than a scintilla of evidence to support the jury's finding, then the judgment notwithstanding the verdict should be reversed. *Tanner v. Nationwide Mut. Fire Ins. Co.*, 289 S.W.3d 828, 830 (Tex. 2009); *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 228 (Tex. 1990). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Both direct and circumstantial evidence may be used to establish any material fact. *Lozano v. Lozano*, 52 S.W.3d 141, 149 (Tex. 2001); *Browning–Ferris, Inc. v. Reyna*, 865 S.W.2d 925, 928 (Tex. 1993). Evidence that is so slight as to make any inference a guess is in legal effect no evidence. *Lozano*, 52 S.W.3d at 148; *Browning–Ferris, Inc.*, 865 S.W.2d at 928.

### *Application*

We hold Vejara produced no evidence that Levior committed fraud. To establish fraud, Vejara was required to prove:

> (1) Levior made a material representation; (2) the representation was false; (3) when the representation was made, Levior knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) Levior made the representation with the intent that Vejara should act upon it; (5) Vejara acted in reliance on the representation; and (6) Vejara thereby suffered injury.

*See Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam). Vejara claims Levior committed fraud by claiming it could help finance and distribute Bulls Eye. Vejara fails to present evidence to show Levior's representation was false. Rather, there is evidence Levior made a capital contribution to Bulls Eye and eventually became its majority

owner.  Although Vejara argues Levior failed to distribute Bulls Eye to other countries and U.S. cities as initially promised, evidence shows the failure to distribute was caused in part by Vejara's own actions—primarily, her refusal to give Levior access to the company vans and inventory stored in SA Loop's facility.

Vejara also claims Levior committed fraud by claiming it had seventy percent ownership over the company, and argues Levior was not entitled to Aguilar's thirty percent ownership because Aguilar did not have the power to transfer his share.  However, her argument fails for three reasons: first, Levior's seventy percent ownership was stipulated by both parties in their Settlement Agreement; second, there is both a written declaration and testimony from Aguilar renouncing his membership and ownership rights over Bulls Eye; and third, Aguilar did not own a share of Bulls Eye.  Rather, the company agreement provided him with the opportunity to gain thirty percent ownership if he left or was terminated from his position with Coca-Cola and made a capital contribution to the company.  This condition was not met, and therefore, he never regained ownership in Bulls Eye.  Thus, we hold Vejara did not present more than a scintilla of evidence to show Levior committed fraud.  Accordingly, we overrule her issue.

## CONSTITUTIONAL CHALLENGE

Vejara argues her Fourteenth Amendment right to a fair trial was violated because the trial judge was "biased," and because of alleged ex parte communications between Levior's counsel and the trial judge.  Vejara failed to raise any of these arguments at trial.  A party to a lawsuit waives the right to raise even a constitutional claim on appeal if that claim is not presented to the trial court. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 377 (Tex. 2009) (citing *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001)); *see*

TEX. R. APP. P. 33.1(a). Thus, Vejara's constitutional arguments were waived because she failed to raise them at trial, and we therefore overrule this issue.

## MOTION FOR NEW TRIAL

### *Standard of Review*

Lastly, Vejara argues the trial court abused its discretion by denying her motion for new trial. Trial courts possess broad discretion in ruling on motions for new trial. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988). We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). An abuse of discretion occurs when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

### *Application*

Despite having raised numerous issues in her motion for new trial, on appeal Vejara argues only that the trial court refused to admit evidence that would have shown Levior's counsel lied regarding attorneys' fees. However, this issue was not raised in her motion for new trial, and has thus been waived. *See* TEX. R. APP. P. 33.1(a) (stating that to preserve complaint for appellate review, party must have presented to trial court timely request, objection or motion, stating specific grounds). Moreover, because there is nothing in the record to support Vejara's contention, we hold the trial court did not abuse its discretion in denying her motion for new trial, and overrule this issue.

## CONCLUSION

Based on the foregoing, we overrule Vejara's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice