**Petition for Writ of Mandamus Denied and Memorandum Opinion filed December 10, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00811-CV

---

### IN RE WYATT FIELD SERVICE COMPANY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**125th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-44838**

---

## MEMORANDUM OPINION

On September 16, 2013, relator, Wyatt Field Service Company, filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Kyle Carter, presiding judge of the 125th District Court of Harris County, to vacate his March 4, 2013 order granting the motion for new trial filed by real parties in interest, David McBride and Glenn Burns. We deny the petition.

## I. BACKGROUND

On July 3, 2011, David McBride and Glenn Burns were working as employees of LWL, Inc. on a tank in the flexicoker unit of ExxonMobil Corporation's Baytown refinery. They were replacing "dummy nozzles" inside the tank with spray nozzles. While they were removing a dummy nozzle, "it shot out and blew." There was an explosion causing McBride and Burns to be thrown, and blowing steam and coking material onto McBride and Burns, causing them to sustain severe burns and injuries. McBride and Burns sued Wyatt for negligence, negligence per se, and gross negligence for improperly installing a safety chain. McBride and Burns also sued ExxonMobil, which settled before trial.

Wyatt did not dispute that the safety chain was installed in an incorrect location, the condition was unreasonably dangerous, or McBride and Burns were not warned of the incorrect installation. On January 30, 2013, the case went to trial, and on February 13, 2013, the jury reached a verdict, finding (1) Wyatt was not negligent; (2) ExxonMobil exercised or retained some control over the manner in which the work in question was performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and (3) ExxonMobil's negligence with respect to the condition of the dummy nozzle system proximately caused the occurrence. Although the jury found damages for McBride ($902,681.41) and Burns ($2,905,898.95), neither would recover because of the jury's no-negligence finding as to Wyatt.

Real parties filed a motion for new trial, arguing (1) no factually sufficient evidence supported the jury's finding that Wyatt was not negligent, the finding was contrary to the great weight and preponderance of the evidence, and the verdict

was manifestly unjust; and (2) Wyatt's repeated injection of collateral sources tainted the verdict.

On March 4, 2013, the trial court granted real parties' motion for new trial as follows:

> The Court has considered Plaintiffs' motion for a new trial, all responsive briefing, the arguments of counsel, and the Court's own observations during the trial of this case. The Court believes Plaintiffs' motion is meritorious and should be granted.
>
> The jury's answer to Question 1(a) was contrary to the overwhelming weight of the evidence. The great and overwhelming preponderance of the evidence showed that the safety chain at issue in this case was installed in an incorrect location. The great weight and overwhelming preponderance of the evidence also showed that the incorrect location of the safety chain created an unreasonably dangerous condition. The great weight and overwhelming preponderance of the evidence introduced at trial confirmed that Defendant Wyatt Field Services Company installed the safety chain in 2008 and that the chain remained in the same location until July 3, 2011. Further, the great weight and overwhelming preponderance of evidence introduced at trial confirmed that Plaintiffs were never warned that the safety chain was incorrectly installed and had no reason to be aware of the danger. ***The interests of justice require a new trial***.
>
> A new trial is also required because Defendant and its witnesses regularly injected evidence of collateral sources into the case in violation of the Court's order granting Plaintiff's [sic] motion in limine on this topic. This inadmissible evidence tainted the jury's verdict. ***Good cause and the interests of justice require the Court to grant a new trial***.[1]

---

[1] Emphasis added.

On April 9, 2013, the trial court entered the following findings of fact in support of its new trial order:

1. The jury's finding that Defendant Wyatt Field Services Company was not negligent is against the great weight and preponderance of the evidence.

2. The jury's finding that Defendant Wyatt Field Services Company was not negligent renders the jury's verdict manifestly unjust.

3. The jury's finding that ExxonMobil had actual knowledge of any unreasonable risk of harm/condition is not supported by factually sufficient evidence.

4. The jury's finding that ExxonMobil had actual knowledge of any unreasonable risk of harm/condition renders the jury's verdict manifestly unjust.

5. Based on the combination of factually insufficient liability findings concerning Defendant Wyatt Field Services Company and ExxonMobil, the Court finds that the jury failed to follow the Court's instructions and simply decided to place all responsibility on ExxonMobil without regard to the legal standards set forth in the Court's charge.

6. Defendant Wyatt Field Services Company repeatedly violated the Court's order granting Plaintiffs' motion in limine.

7. Defendant Wyatt Field Services Company ignored this Court's admonishments about the motion in limine.

8. Defendant Wyatt Field Services Company's repeated injection of information into this case was inadmissible, including but not limited to information regarding benefits available to Plaintiff from collateral sources, tainted the verdict and rendered it manifestly unjust.

4

The trial court entered the following conclusions of law:

1. The Court concludes that it is entitled to grant a new trial when it finds the jury verdict is contrary to the great weight or is not supported by factually sufficient evidence.

2. The Court concludes that it is entitled to grant a new trial when it finds that the injection of inflammatory collateral matters (such as collateral sources) poisons the verdict.

3. ***The Court concludes that it is entitled to grant a new trial when it is required in the interest of justice.***[2]

In its petition, Wyatt claims the trial court abused its discretion in granting real parties' motion for new trial because (1) the jury's finding that Wyatt was not negligent was not against the great weight and preponderance of the evidence; (2) the jury's finding that ExxonMobil had actual knowledge of the condition that caused the injuries was immaterial and could have no impact on the verdict after the jury found Wyatt was not negligent; (3) any violations of the motion in limine on collateral sources made no mention of any fact bearing on Wyatt's liability; and (4) the Texas Supreme Court has disapproved of granting a new trial based on the "interests of justice."

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must demonstrate (1) the trial court clearly abused its discretion, and (2) the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). A new trial order is reviewable on mandamus for its reasonable specificity, legally appropriate reasons, and correctness of its articulated reasons. *In re Toyota Motor*

---

[2] Emphasis added.

5

*Sales, U.S.A., Inc.*, 407 S.W.3d 746, 762 (Tex. 2013) (orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685, 688–89 (Tex. 2012) (orig. proceeding); *In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 206 (Tex. 2009) (orig. proceeding).

### III. ANALYSIS

The trial court articulated several grounds for granting the new trial. We begin with the interest-of-justice ground. Although a trial court previously could grant a new trial "in the interest of justice,"[3] that ground is no longer a sufficiently specific reason for granting a new trial. *See United Scaffolding*, 377 S.W.3d at 689–90 (stating "in the interest of justice" is never an independently sufficient reason for granting a new trial); *Columbia*, 290 S.W.3d at 215 ("Broad statements such as 'in the interest of justice' are not sufficiently specific."). Therefore, the trial court abused its discretion by including "in the interest of justice" as a ground for granting a new trial.

The trial court also granted the new trial on several factual insufficiency grounds and on the manifest injustice resulting from Wyatt's repetitive violation of motions in limine. Recently, the Texas Supreme Court held an appellate court, in a mandamus proceeding, may conduct a merits-based review of the stated reasons for granting a new trial after the trial court has set aside a jury verdict. *Toyota*, 407 S.W.3d at 762. If a trial court's articulated reasons are not supported by the underlying record, the new trial court order cannot stand. *Id.* at 746.

---

[3] *See Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985) (orig. proceeding), *disapproved of by Columbia*, 290 S.W.3d at 213.

A review of the mandamus record reflects that it does not include the complete trial record. The record does not include the testimony of all the witnesses, any of the trial exhibits, or opening and closing arguments. Nor does the mandamus record include the reporter's hearing of the motion for new trial.

In the absence of a complete record, this court cannot ascertain whether the trial court abused its discretion in determining whether the jury's failure to find Wyatt liable was contrary to the great weight and preponderance of the evidence, whether the jury's finding that ExxonMobil was 100% liable for real parties' injuries was supported by factually sufficient evidence, or whether Wyatt's motion in limine violations prejudiced the jury. *See Toyota*, 407 S.W.3d at 759–60 ("Having undertaken our own cumbersome review of the multi-volume trial record, we conclude that the record does not support the new trial order.") (internal quotations and citations omitted); *United Scaffolding*, 377 S.W.3d at 690 (holding relator had failed to show that no valid basis for the new trial order existed where "the record United ha[d] presented [was] only a partial one containing Levine's motion for new trial and the exhibits to that motion, such as deposition transcripts, and the transcript of the hearing on the motion for new trial"); *see also* Tex. R. App. P. 52.7. Therefore, Wyatt has not shown that it is entitled to mandamus relief.

Accordingly, we deny Wyatt's petition for writ of mandamus.


PER CURIAM

Panel Consists of Justices Boyce, McCally, and Donovan.


7