

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00543-CV

**IN RE PROCESOS ESPECIALIZADOS EN METAL, S.A. de C.V.**
d/b/a Prometal

Original Mandamus Proceeding[1]

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  September 3, 2014

PETITION FOR WRIT OF MANDAMUS DENIED

On August 1, 2014, relator Procesos Especializados en Metal, S.A. de C.V. d/b/a Prometal filed a petition for writ of mandamus challenging the trial court's order granting a new trial following a no-answer default judgment in favor of Prometal in the underlying litigation. We deny the petition for writ of mandamus.

Prometal sued Patriarch Partners Management Group in April 2013, asserting causes of action for fraudulent transfer, conspiracy to commit fraud and unjust enrichment. A default judgment was entered on March 12, 2014, in which the trial court found that Patriarch had been properly cited and served with citation, but failed to appear and answer. The judgment awarded

---

[1] This proceeding arises out of Cause No. 2013-CI-06972, styled *Procesos Expecializados en Metal, S.A. de C.V. d/b/a Prometal v. Patriarch Partners Management Group*, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable Peter Sakai presiding.

Prometal $350,000.00, plus costs of court and post-judgment interest. Patriarch timely filed a motion to set aside the default judgment and for new trial on April 11, 2014. After a hearing, the trial court entered an order setting aside the default judgment and granting a new trial on May 27, 2014. The order recites the trial court's finding that, "it is in the interests of justice to set aside the default judgment and grant a new trial." Prometal challenges this order granting a new trial in this original proceeding.

Prometal contends that mandamus is appropriate to review the order erroneously granting a new trial because Prometal stands to lose the benefit of a final judgment and will have to endure the time, trouble and expense of the new trial. *See In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 209-10 (Tex. 2009) (orig. proceeding) (finding no adequate remedy by appeal "under the circumstances"). Prometal seeks mandamus relief to direct the trial court to state a reasonably specific and legally appropriate reason for granting the new trial, citing in support *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 756-57 (Tex. 2013). Prometal further contends that the trial court clearly abused its discretion in granting a new trial because Patriarch's motion to set aside the default judgment and for new trial was not properly verified and because Patriarch failed to satisfy its burden to demonstrate that the default judgment should be set aside and a new trial ordered. *See Craddock v. Sunshine Bus Lines, Inc*., 134 Tex. 388, 133 S.W.2d 124, 126 (1939) (establishing standard for setting aside default judgment).

Mandamus relief is an extraordinary remedy and will issue only to correct a clear abuse of discretion, or the violation of a duty imposed by law, when there is no other adequate remedy by law. *See In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

Before we reach Prometal's argument that the trial court clearly abused its discretion in granting the motion for new trial in this case, we must first determine, as a preliminary matter, whether or not the challenged order is appropriately reviewable by mandamus.

Rule 320 of the Texas Rules of Civil Procedure gives the trial court broad discretion in granting new trials "for good cause, on motion or on the court's own motion." TEX. R. CIV. P. 320. The Texas Supreme Court has recognized that the trial court's discretion in granting new trials is not limitless, however, and has granted mandamus review of an order granting new trial "in the interests of justice and fairness" when the judgment being set aside is a jury trial verdict. *See Columbia*, 290 S.W.3d at 206. The justification for creating the departure to allow mandamus review of a new trial order in *Columbia*, was that "the parties and public are entitled to an understandable, reasonably specific explanation why their expectations are frustrated by a jury verdict being disregarded or set aside, the trial process being nullified, and the case having to be retried." *Id*. at 213; *see also Toyota*, 407 S.W.3d at 762. The Court decided that despite its historical approval of trial court orders failing to specify reasons for granting new trial, "[o]n balance, the significance of the issue—protection of the right to jury trial—convinces us that the circumstances are exceptional and mandamus review is justified" when the trial court sets aside a jury verdict. *Id*. at 209. The Court acknowledged its prior decisions holding that a trial court may, in its discretion, grant a new trial "in the interest of justice," but concluded that such a vague explanation is not adequate when setting aside a jury verdict. *Id*. at 213 (citing *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988) (reaffirming *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985))). The Court is careful to note, "We do not retreat from the position that trial courts have significant discretion in granting new trials." *Id*. at 212 (*citing Johnson*, 700 S.W.2d at 917). Concluding that the trial court was required to state specific grounds for refusing to enter judgment on the jury's verdict, the Court declined to consider whether

mandamus relief was available to address the merits of the trial court's decision to grant the new trial. *Id*. at 214.

In 2012, the Supreme Court further expounded on the necessity for an adequate statement of the reasons for setting aside a jury verdict to grant a new trial. *See In re United Scaffolding, Inc*., 377 S.W.3d 685, 687 (Tex. 2012) (orig. proceeding). The Court in *United* also acknowledged "the considerable discretion afforded trial judges in ordering new trials." *Id*. The two-part test announced by the Court in *United* for evaluating the adequacy of a trial court's stated reasons "adequately ensures that jury verdicts are not overturned without specific and proper reasons, while still maintaining trial courts' discretion in granting new trials." *Id*. at 689. The Court again stopped short of rendering judgment on the verdict, directing that the trial court must first make the actual basis for its order clear. *Id*. at 690.

In its most recent opinion to address the issue, the Supreme Court held that the reasons articulated in a new trial order are reviewable on the merits by mandamus where the trial court has set aside a jury verdict. *See Toyota*, 407 S.W.3d at 748. Prometal contends that *Toyota* permits mandamus review of an order granting a new trial after a default judgment. We disagree.

The Supreme Court has never held that the standards developed in this line of cases are also to be applied to orders granting a new trial after a default judgment. The "exceptional circumstances" that support merits-based mandamus review of a new trial order setting aside a jury verdict are not present in no-answer default judgment cases. *See Toyota*, 407 S.W.3d at 748-49 (parties are entitled to an explanation when the court circumvents a critical constitutional right); *Columbia*, 290 S.W.3d at 206 (acknowledging that the constitutional right to jury trial "shall remain inviolate"). In addition, there is no statutory or procedural rule that requires a Texas trial court to provide an explanation for its ruling on a motion for new trial or that permits interlocutory review of such an order. *See Columbia*, 290 S.W.3d at 216 (O'Neill, J., dissenting); *cf.* FED. R.

CIV. P. 59(d) (requiring court to specify reasons in order granting new trial). We conclude that the requirements of *Columbia* and *United* do not apply to orders setting aside a default judgment to grant a new trial.

In the absence of further direction from the Texas Supreme Court expanding mandamus review of orders granting new trials to include those setting aside a default judgment, and in the absence of any other exceptional circumstances warranting mandamus review in this instance, we decline to extend mandamus review to include the review of orders granting new trial after a default judgment.

The court has fully considered Prometal's petition and the mandamus record submitted in this original proceeding and is of the opinion that relator is not entitled to the relief sought. Accordingly, the petition for writ of mandamus is denied. *See* TEX. R. APP. P. 52.8(a).

Rebeca C. Martinez, Justice