NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, Appellant,

v.

**Floyd SMITH, Appellee.**

No. 09–92–234 CV.

Court of Appeals of Texas,
Beaumont.

Jan. 28, 1993.

Bill Griffey, George W. Vie, III, Mills, Shirley, Eckel & Bassett, Galveston, for appellant.

E. Casey Magan, Law Office of Brian L. Jensen, Houston, for appellee.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## ORDER

PER CURIAM.

We have before the Court appellee's motion requesting this Court to withdraw our order of October 15, 1992, granting appellant an extension of time to file its statement of facts on November 17, 1992, under TEX.R.APP.P. 54(c).

Proceedings in the trial court were tape recorded pursuant to the Texas Supreme Court Order, Misc. Docket No. 91–0058 which adopted rules for making a record of court proceedings by electronic tape recording in Liberty County, Texas.

After examining all pertinent pleadings of the record, the Court finds that appellant's only explanation of the need for the extension "was for National Union to transcribe the tapes." The tapes to which appellant refers are those which comprise part of the statement of facts. The statement of facts in proceedings which are electronically recorded consists of: (1) standard cassette recordings certified by the court recorder to be clear and accurate copies of the original recording of the entire proceeding, (2) a copy of the typewritten and original logs filed in the case and certified by the court reporter, and (3) all exhibits filed in the case. TEX. SUP.CT. ORDER, *supra*, Rule 3. Appellant is in error to say that "[t]he rules relating to the filing of the statement of facts require National Union to file a 'written transcription of all portions of the recorded statement of facts ... relevant to the error asserted.' " Actually, each party shall file with his brief an appendix containing a

written transcription of all portions of the recorded statement of facts relevant to the error asserted. TEX.SUP.CT. ORDER, *supra*, Rule 5. We find that appellant failed to reasonably explain the need for an extension of time for the late filing of the statement of facts in this case. Accord, *Marino v. Marino*, 849 S.W.2d 835 (Tex. App.—Beaumont 1993).

We find that this Court improvidently granted appellant's motion to extend time for filing statement of facts by order entered October 15, 1992, and we withdraw same. It is therefore,

ORDERED that the statement of facts heretofore filed in this cause as of November 17, 1992, is withdrawn and is to be disregarded as material filed herein.

All relief not granted to appellee is expressly denied.

APPELLEE'S MOTION TO WITH-DRAW ORDER GRANTING APPEL-LANT'S MOTION FOR EXTENSION OF TIME TO FILE ELECTRONIC STATE-MENT OF FACTS GRANTED.

BROOKSHIRE, Justice, dissenting.

This dissent is respectfully filed from the Opinion of the Court as expressed by an Order of the Court that mandated that the "Statement of Facts" heretofore filed in this cause on November 17, 1992, is to be withdrawn. That "Statement of Facts" is ordered to be disregarded as any material filed herein.

Traditionally and customarily, a Statement of Facts was a transcription of the court reporter's notes, usually in a question and answer form, and usually in a typed out form that was and is verbatim of the evidence given in the case. Especially the oral testimony is transcribed word for word.

Such an understanding of the "Statement of Facts" was longstanding and widespread in Texas practice. Standard cassette tapes or recordings which were not transcribed are very different from the traditional concept of a "Statement of Facts".

It is interesting to note that in a situation where a trial is recorded by electronic procedure or system that the standard cassette recordings are to be certified by a court "recorder" to be a clear and accurate copy of the original recording of the entire proceeding. And further, a copy of the typewritten and the original logs filed in the case are to be certified by the court "recorder". See Order of Supreme Court, Miscellaneous Docket No. 91–0058, entitled "Rules Governing the Procedure for Making a Record of Court Proceedings in Liberty County by Electronic Recording", dated January 8, 1986.

However, the attendant that works with and supervises the electronic recording system is referred to as a "court recorder". Rule 4, concerning time for filing, points out that the court recorder shall file the *Statement of Facts* with the Court of Appeals within fifteen (15) days of the perfection of an appeal. The term "Statement of Facts" has had a definite meaning to Texas lawyers. Certainly this basic change is confusing. It is very confusing because the term "Statement of Facts" now has a new and drastically different meaning. This difficulty alone should allow the retention of the "Statement of Facts" as a part of the record before us.

In any event, the appellant professed not to know of the Liberty County rules concerning electronic recordings. The same was a new procedure or practice in that county. It seems that there was some reasonable and justifiable confusion. The extension of time should have been granted by us and indeed, it was granted by us. It should not now be withdrawn. *See and compare Darley v. Texas Uvatan, Inc.*, 741 S.W.2d 200 (Tex.App.—Dallas 1987, no writ). *We have the "Statement of Facts" with the Clerk's proper and, I think, timely file mark on it.*

It should be noticed that the purposes of the electronic recording system and the Orders regulating the same are to bring about significant reductions in the time required for appellate procedures and to reduce the cost of appellate procedures. Neither one of these basic purposes will be hindered or diminished by our filing the "Statement of Facts".

The appellee has not demonstrated to us any harm that would be caused by our ordering that the Statement of Facts remain filed. In *Darley, supra,* the Dallas Court wrote:

[W]e excuse the lack of such showings in the instant case, because the parties have shown confusion about the requirements of the Order.

*Darley's* rationale is clearly applicable to this appeal and the procedural steps involved herein.

Query: Why does the appellee object to the Ninth Court of Appeals hearing oral arguments and reviewing the merits of the case?