NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, Relator,

v.

The NINTH COURT OF APPEALS,
Respondent.

No. D–3492.

Supreme Court of Texas.

Oct. 27, 1993.

George W. Vie, III, Galveston, for relator.

E. Casey Magan, Houston, for respondent.

### OPINION

CORNYN, Justice.

In this original mandamus proceeding, National Union Fire Insurance Company seeks relief from a January 28, 1993, order of the Ninth Court of Appeals in which it withdrew an October 15, 1992, order that had granted National an extension of time to file an electronic statement of facts. National's appeal arises from an adverse judgment in a workers' compensation action filed in Liberty County by Floyd Smith, the real party in interest. 852 S.W.2d 1. The effect of the court's January 28, 1993, order is that National has no statement of facts timely filed with the court of appeals. National argues that the court of appeals abused its discretion in withdrawing its earlier order, which

allowed National an extension of time to file the statement of facts, and that it has no adequate remedy at law. We agree, and conditionally grant the writ.

The record of proceedings in the trial court, which National seeks to file with the court of appeals, consists of an electronic tape recording. This type of record is permitted by our order adopting rules for making a record of court proceedings by electronic recording in Liberty County. *See* Misc. Docket No. 91–0058, *Adoption of Rules for Liberty County for Making a Record of Court Proceedings by Electronic Recording.* These rules require, however, that the court recorder "shall file the statement of facts with the court of appeals within fifteen days of the perfection of an appeal or writ of error." *Id.* at p. 4. Because National perfected its appeal on September 15, 1992, its statement of facts was due by September 30, 1992.[1] On October 14, 1992, within the fifteen days' grace period allowed for such motions by TEX.R.APP.P. 54(c), National filed its motion to extend time to file the statement of facts, and the court of appeals granted that motion on October 15, postponing National's deadline until November 17, 1992. On November 10th, however, Smith urged the court of appeals to withdraw the order extending National's deadline and to dismiss the appeal, claiming that National's October 14 motion did not reasonably explain the reason for delay. After a response by National and a reply by Smith, on January 28, 1993, the court of appeals withdrew its order of October 15, 1992, disregarding the statement of facts already filed on November 17, 1992. As a result, National has no timely filed statement of facts upon which to base its appeal. The court of appeals did not, however, dismiss the appeal.

### Abuse of Discretion

■ TEX.R.APP.P. 54(c)[2] provides:

An extension of time *may* be granted for late filing in a court of appeals of a transcript or statement of facts, if a motion *reasonably explaining* the need therefor is filed by appellant with the court of appeals not later than fifteen days after the last date for filing the record. Such motion shall also reasonably explain any delay in the request required by Rule 53(a).

(emphasis added). One thing is immediately clear from the rule: the court of appeals "may" grant such a motion, but it is not required to do so. And, although we hold that the court of appeals abused its discretion, it did so not by refusing National an extension of time, but by basing its decision on an erroneous legal standard for judging the reasonableness of the movant's explanation. It would not necessarily have been an abuse of discretion to deny the extension of time; Rule 54(c) specifically makes such a decision discretionary.[3] Even "if a motion reasonably explaining the need therefor is filed," the court is not compelled to grant the motion. While a court of appeals may not grant a motion that lacks a reasonable explanation, the mere presence of a reasonable explanation does not require that the court of appeals grant the motion. Nothing in the remainder of Rule 54(c) divests the court of appeals of the discretion granted it by the word "may" in the first line.

■ In its opinion withdrawing its original order, the court of appeals held that National's motion was deficient because it "failed to

---

**1.** By contrast, TEX.R.APP.P. 54(a) provides the ordinary timetable for civil cases:

The transcript and statement of facts, if any, shall be filed in the appellate court within sixty days after the judgment is signed, or, if a timely motion for new trial or to modify the judgment has been filed by any party, or if any party has timely filed a request for findings of fact and conclusions of law in a case tried without a jury, within one hundred twenty days after the judgment is signed.

**2.** Rule 4 of the special electronic recording rules provides that "[n]o other filing deadlines as set

out in the Texas Rules of Appellate Procedure are changed." Thus, Rule 54(c) and other deadlines in the Rules of Appellate Procedure not inconsistent with deadlines in the special electronic recording rules, continue in force.

**3.** Because the reason the court of appeals gives for its denial is a misapplication of authority from this court as to the meaning of the phrase "reasonably explains" in Rule 54(c), this mistake amounts to an abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

**60**

reasonably explain the need for an extension of time for the late filing of the statement of facts in this case." 852 S.W.2d at 2. By holding that National's explanation failed to meet the standard for reasonableness in Rule 54(c), the court of appeals misapplied legal principles, and at that level committed an abuse of discretion.[4] In *Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668 (Tex.1989), we defined "reasonably explaining" in the context of Tex.R.App.P. 41(a) as follows:

> In *Meshwert* [*Meshwert v. Meshwert*, 549 S.W.2d 383 (1977)], we defined the phrase "reasonably explaining," to mean "any plausible statement of circumstances indicating that failure to file within the [required] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance."

*Id.* at 669. In fact, "[a]ny conduct short of deliberate or intentional noncompliance qualifies ... even if that conduct can also be characterized as professional negligence." *Id.* at 670. Under this generous standard, it is clear that National's explanation of its need for an extension of time qualifies as a reasonable explanation.

National's original Motion to Extend Time filed on October 14, 1992, contained ample evidence of a reasonable explanation for its need for an extension of time. National was confused about almost every element of the proper procedures that must be followed in counties authorized to make records of court proceedings by electronic recording. First, National recited the date that the judgment was signed, and from that calculated that October 19, 1992, being 120 days from that date, was the last timely date to file the statement of facts. Second, its motion related that the clerk had advised it of the fifteen-days-from-perfection deadline, but National believed the clerk to be mistaken. Third, while professing knowledge of certain rules for Harris and Dallas County, National explained that to its knowledge this court had yet to adopt rules relating to the making of a record by electronic recording for Liberty County. Fourth, National's motion explained that it needed time "so that the court reporter may transfer to this Court the certified cassette copy of the original recording of the trial proceeding." Fifth, National's motion requested an order from the court of appeals "setting out the requirements of the parties relating to any appendix and written transcription of all portions of the recorded statement of facts relevant to the error asserted." Any one of these five aspects of its motion provides a reasonable explanation under the requirements of Rule 54(c)—National was mistaken as to its obligations under this court's *Adoption of Rules for Liberty County for Making a Record of Court Proceedings by Electronic Recording.*[5]

Through nine orders of this court, courts in twelve counties operate under essentially identical rules for electronic recording.[6] There are eleven rules, the last of which specifically provides that the overall effect on the remainder of the rules of procedure should be minimal:

**4.** In fact, the court of appeals would have been entitled to rest its decision on discretionary grounds, but chose not to. *See Pat Walker & Co. v. Johnson*, 623 S.W.2d 306, 309 (Tex.1981) (interpreting predecessor Rule 21(c) with identical relevant language and noting that "[b]ecause the Court of Civil Appeals has this discretion, the denial of the motion was not a ministerial act for which original mandamus will lie"). Instead, by basing its denial of an extension of time on the "if-a-motion-reasonably-explaining" clause of Rule 54(c), the court of appeals' decision must be reviewed as any other application of legal principles.

**5.** Smith asserts that National's motion never contained any reasonable explanation and that National had never raised its confusion about the law as a reason. Smith argues that it was the dissent by Justice Brookshire that first raised confusion about the law as a reason. 852 S.W.2d at 2. While Smith is literally correct, we are unwilling to hold that a party confused about the law is prohibited from having such confusion serve as a reasonable explanation unless through a fleeting lucid moment or jurisprudential epiphany, the party suddenly realizes its mistake or confusion. Such a requirement would nearly eliminate "mistake" from those excuses which this court has repeatedly held suffice as reasonable explanation.

**6.** These counties include: the 39th Judicial District Court in Haskell, Throckmorton, Stonewall and Kent Counties; Bexar; Brazos; Dallas; Harris; Kleberg; Liberty; Montgomery; and Stonewall.

11. **Other Provisions.** Except to the extent inconsistent with these rules, all other statutes and rules governing the procedures in civil actions shall continue to apply to those proceedings of which a record is made by electronic tape recording.

There are, however, important differences in those counties in which electronic recording is permitted, such as the elimination of the need for a stenographic record and provision for a different deadline for filing the statement of facts, calculated from perfection of the appeal and not the signing of the judgment.[7] While we do not approve of counsel's inattention and lack of awareness of these special rules, there is no evidence that National's mistake was deliberate or intentional. Consequently, we hold that National's mistake constitutes a reasonable explanation, and the court of appeals abused its discretion by holding otherwise.

■ Smith argues that National's motion was further deficient in that it was not supported by either an affidavit of the court reporter or the certificate of the trial judge explaining when the statement of facts would be available for filing as required by TEX. R.APP.P. 73(i). Rule 73(i) provides:

> when an extension of time is requested for filing the statement of facts, the *facts relied upon* to reasonably explain the need for an extension must be supported by the affidavit of the court reporter, or the certificate of the trial judge, which shall in-

clude the court reporter's estimate of the earliest date when the statement of facts will be available for filing.

(emphasis added). In this case, neither the court reporter nor trial judge had personal knowledge of any of the facts upon which National's explanation turned. As we have already concluded that National's own mistake as to its obligations under the special electronic recording rules suffices as a reasonable explanation, the lack of a supporting affidavit or certificate is not relevant under these facts.

### No Adequate Remedy at Law

■ Absent mandamus, National's relief consists of proceeding through an appeal that, without a statement of facts, amounts to a useless exercise. It is difficult for a court of appeals to engage in a meaningful appellate review without the benefit of a properly filed statement of facts. In this context, it must be said that National has no adequate remedy at law.[8] *Cf. Walker*, 827 S.W.2d at 843.

### Conclusion

The Ninth Court of Appeals abused its discretion by misapplying the legal principles for interpreting the phrase "reasonably explains" in TEX.R.APP.P. 54(c). National's mistake as to its obligations under the special rules for electronic recordings in Liberty

---

7. Rule 2, in outlining the various duties of the "court recorder," an individual designated by the court to administer the system (i.e., assuring a functioning recording system, making a log of the proceedings while recording, filing same and other exhibits, storing of the original recording, etc.), provides that: "No stenographic record shall be required of any civil proceedings electronically tape recorded." Rule 3 delineates what should constitute the statement of facts: (a) a standard certified cassette recording, (b) a certified copy of the typewritten logs, and (c) all exhibits with a brief identifying description. Rule 4, discussed above, requires filing of the statement of facts within fifteen days of the perfection of an appeal. Rule 5 requires that a written transcript of all portions of the recorded statement of facts and a copy of all exhibits relevant to the error asserted be filed as an appendix with a party's brief.

8. CHIEF JUSTICE PHILLIPS argues in dissent that National's remedy by appeal is adequate.

He states that "[e]ven if the court of appeals' failure to permit the filing of the statement of facts doomed National Union's chances of intermediate appellate success, however, I would not grant the writ of mandamus." *Supra* at 62. Ironically, Chief Justice Phillips, on behalf of the court, has previously argued in the discovery context that "an appeal will not be an adequate remedy where the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery order." *Walker*, 827 S.W.2d at 843. He basically concludes that a waste of judicial resources at the court of appeals level is acceptable, yet such a waste is intolerable at the trial court level. While his is perhaps a brighter-line test, we cannot agree. We cannot let the limit swallow the goal. In this case, National's appeal, without a statement of facts, is a clear, and useless waste of judicial resources, and National has no adequate remedy by appeal.

Country is a sufficient explanation under Rule 54(c). Further, as National has no adequate remedy at law, a writ of mandamus is appropriate if the Ninth Court of Appeals does not consider National's statement of facts as timely filed.

We are confident that the Ninth Court of Appeals will reconsider its decision and permit the filing of the electronic statement of facts in accordance with the views we have expressed. The clerk is instructed to issue the writ only if it does not.

Dissenting opinion by PHILLIPS, C.J., joined by GONZALEZ and ENOCH, JJ.

PHILLIPS, Chief Justice, dissenting.

I respectfully dissent. Regardless of whether the court of appeals erred, or whether that error constituted an abuse of discretion, I believe that National Union's rights could be adequately protected through the normal appellate process.

Since mandamus is supposed to be an extraordinary remedy, we have historically used care to ensure that litigants do not make frivolous or misguided attempts to secure the writ. In our recent writings, we have emphasized that mandamus is not available where the relator has an adequate remedy by appeal, *see Walker v. Packer,* 827 S.W.2d 833, 840–44 (Tex.1992) (and cases cited therein), and we have explained that seeking mandamus relief is *never* a prerequisite for obtaining full appellate review. *Id.* at 842 n. 9; *Pope v. Stephenson,* 787 S.W.2d 953, 954 (Tex.1990).

Today's decision departs from this tenor of restraint by granting mandamus relief despite National Union's clearly adequate remedy by appeal. Assuming it does not ultimately prevail in the court of appeals, National Union could challenge that court's refusal to extend the time for filing the statement of facts by application for writ of error. How, then, could the court of appeals' ruling inflict irreparable harm justifying expedited review by mandamus?

We addressed this precise question in *Pat Walker & Co. v. Johnson,* 623 S.W.2d 306, 309 (Tex.1981), holding that the court of appeals' refusal to extend the time for filing a statement of facts was not reviewable by mandamus because the ruling "may be addressed by this Court when properly presented in an Application for Writ of Error." I can discern no good reason for the Court's *sub silentio* overruling of that holding today.

The Court purportedly rests its decision on the principles of *Walker v. Packer,* 827 S.W.2d 833 (Tex.1992). There we held that a party does not have an adequate appellate remedy from a trial court's discovery error if that error vitiates the party's ability to present a viable claim or defense to such an extent that "the trial would be a waste of judicial resources." 827 S.W.2d at 843. While imprecise, I am convinced this is as good a standard as we can articulate. But it has no application here, for at least two reasons.

First, National Union has not demonstrated that its ability to prosecute the appeal has been so severely compromised that the proceeding would truly waste judicial resources. Since National Union has not provided us with its appellate points of error, we cannot determine to what extent its appeal has been vitiated by the absence of a statement of facts. At argument, however, National Union conceded that it intends to assert at least one point of error—concerning the trial court's charge—which may be considered without a statement of facts. If National Union were to prevail on that issue, its complaint regarding the statement of facts would be moot.

Even if the court of appeals' failure to permit the filing of the statement of facts doomed National Union's chances of intermediate appellate success, however, I would not grant the writ of mandamus. However erroneous the appellate court's ruling, the delay in obtaining review in our Court by ordinary writ of error would virtually never be sufficient to justify mandamus relief. When a trial court abuses its discretion in the discovery phase of the pre-trial process, a litigant might have to wait literally years for relief. The enormous expense and delay of a full trial, requisite post-trial procedures, preparation of a full appellate record, full appellate briefing on all points, and oral argument

before obtaining vindication can be of such significance as to mandate immediate attention. Our writing in *Walker v. Packer* was directed to that type of hardship.

The same circumstances are almost always lacking when the courts of appeals abuse their discretion. Errors of those courts can be reviewed through the normal writ of error process with little if any more delay, and little if any additional expense to the parties, than the mandamus action will entail. Thus, most of the writs of mandamus we have previously granted or conditionally granted against appellate courts have involved those courts' review of interlocutory trial court orders by mandamus,[1] not errors of first impression or of review in the ordinary appellate process. *See, e.g., Scott v. Twelfth Court of Appeals,* 843 S.W.2d 439 (Tex.1992); *Spears v. Fourth Court of Appeals,* 797 S.W.2d 654 (Tex.1990); *Flores v. Fourth Court of Appeals,* 777 S.W.2d 38 (Tex.1989); *Packer v. Fifth Court of Appeals,* 764 S.W.2d 775 (Tex.1989); *Champion Int'l Corp. v. Twelfth Court of Appeals,* 762 S.W.2d 898 (Tex.1988); *Hoffman v. Fifth Court of Appeals,* 756 S.W.2d 723 (Tex.1988); *Stringer v. Eleventh Court of Appeals,* 720 S.W.2d 801 (Tex.1986); *Street v. Second Court of Appeals,* 715 S.W.2d 638 (Tex.1986); *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916 (Tex.1985); *Jordan v. Fourth Court of Appeals,* 701 S.W.2d 644 (Tex.1985); *Peeples v. Fourth Court of Appeals,* 701 S.W.2d 635 (Tex.1985); *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105 (Tex.1985). The cases I have found where we granted mandamus relief based on a court of appeals' error of first impression have either not addressed the critical issue of whether relator had an adequate remedy by ordinary appeal, *see Head v. Twelfth Court of Appeals,* 811 S.W.2d 570 (Tex.1991); *Chojnacki v. First Court of Appeals,* 699 S.W.2d 193 (Tex.1985); *Crites v. Second Court of Appeals,* 516 S.W.2d 123 (Tex.1974), or have involved circumstances where relator clearly did not

have an adequate appellate remedy. *See O'Connor v. First Court of Appeals,* 837 S.W.2d 94 (Tex.1992) (court of appeals' refusal to allow non-panel member justice to publish dissenting opinion on motion for en banc reconsideration); *Mapco, Inc. v. Forrest,* 795 S.W.2d 700 (Tex.1990) (refusal of court of appeals to forward application for writ of error to Supreme Court); *Doctors Hosp. Facilities v. Fifth Court of Appeals,* 750 S.W.2d 177 (Tex.1988) (refusal of court of appeals to rule on motion for rehearing, thereby impeding Supreme Court's jurisdiction over application for writ of error); *Cowan v. Fourth Court of Appeals,* 722 S.W.2d 140 (Tex.1987) (same). Notably, the cases on which the Court relies in finding an abuse of discretion both reached this Court through the normal appellate process, not by mandamus. *See Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668 (Tex.1989); *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977).

The salient principle of *Walker v. Packer* was that mandamus relief should be restricted to compelling situations. Today's decision, far from being an extension of *Walker,* stands that principle on its head.

The total number of mandamus actions we passed upon in the last five years is nearly twice as great as the number during the preceding five year period.[2] If the standards for mandamus review are not carefully confined to truly extraordinary circumstances, we risk even greater escalation of such filings. An increased diversion of appellate resources to mandamus review would, in my opinion, serve neither the bar, the litigants, nor the public.

Perhaps there are cases, where constitutional questions are implicated or rights could be irrevocably lost, that call for issuance of a conditional writ of mandamus against a court of appeals for an error committed in the ordinary appellate process. This is not such a case. I am hard pressed to think of any preliminary ruling by any

---

1. When mandamus relief is sought against a court of appeals for its ruling in a mandamus action, we make an independent inquiry as to whether the trial court abused its discretion. *See Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 918 (Tex.1985).

2. From September 1, 1988, to August 31, 1993, the Court decided 1322 mandamus actions, or 17.7% of all cases decided during that period. From September 1, 1983, to August 31, 1988, the Court decided only 708 mandamus actions, or 10.9% of all decided cases.

lower court in Texas which, if clearly erroneous, would fail to qualify for mandamus review under today's standard. Even if this ruling is not taken as an invitation to a mandamus firesale, I see no reason to inject such uncertainty into an already cumbersome and confusing appellate structure. Therefore, I dissent.

GONZALEZ and ENOCH, JJ., join in this dissent.