

# NUMBER 13-12-00199-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GRADY DOWELL,                                                            Appellant,

v.

GRACIE QUIROZ, AS ADMINISTRATRIX
OF THE ESTATE OF
MARIO GONZALEZ LIRA, NOE LIRA,
MARIA ANGELES LIRA, MARILYN GUTIERREZ
ANNETTE GUTIERREZ, NANCY GUTIERREZ
AND DAVID GUTIERREZ,                                                    Appellees.

# NUMBER 13-12-00583-CV

## IN THE ESTATE OF MARIO GONZALEZ LIRA

### On appeal from the County Court at Law No. 2
of Cameron County, Texas.

# MEMORANDUM OPINION

## Before Justices Rodriguez, Garza, and Perkes
## Memorandum Opinion by Justice Perkes

On February 26, 2015, this Court issued a memorandum opinion in this case. On March 13, 2015, appellees filed a motion for rehearing, and on March 17, 2015, appellant filed a motion for rehearing. We deny the rehearings, but we withdraw our memorandum opinion of February 26, 2015, and its accompanying judgment, and substitute the following as the opinion and judgment of the court.

In appellate cause number 13-12-00199-CV, Grady Dowell appeals the statutory county court's judgment against him on the survival and wrongful death actions brought by Gracie Quiroz, individually and as the administrator of the estate of Mario Gonzalez Lira, Noe Lira, Maria Angeles Lira, Marilyn Gutierrez, Annette Gutierrez, Nancy Gutierrez, and David Gutierrez (collectively "the family"). In appellate cause number 13-12-00583-CV, the family appeals the statutory county court's denial of its turnover request, which the family pursued to recover damages awarded in the survival and wrongful death actions in appellate cause number 13-12-00199-CV. Our analysis of the two cause numbers allows us to consolidate them into one opinion. Because the statutory county court lacked subject matter jurisdiction over the survival and wrongful death actions in appellate cause number 13-12-00199-CV, we vacate its judgment in that cause number and dismiss the cause. The turnover request in appellate cause number 13-12-00583-CV that was premised on the survival and wrongful death award from appellate cause number 13-12-00199-CV is rendered moot, and we vacate the judgment in appellate cause number 13-12-00583-CV and dismiss the cause.

## I. BACKGROUND

On New Year's Day in Buffalo, New York, Dowell, a New York resident, drove while intoxicated and struck bicyclist Mario Gonzalez Lira, killing him. Quiroz, Mario's sister, began probate proceedings in Cameron County, asserting Mario was a Cameron County resident.[1] The family then brought survival and wrongful death claims against Dowell in Cameron County Court at Law Number 2. As the sole ground for jurisdiction, the family asserted that Cameron County Court at Law Number 2 "possesses jurisdiction because this controversy is incident to an estate."

Dowell pleaded guilty in New York to driving while intoxicated and criminally negligent homicide. Based on Dowell's guilty plea, the statutory county court granted the family's motion for partial summary judgment, holding Dowell liable on the family's survival and wrongful death claims. The subsequent trial determined the damages on those claims.

## II. SUBJECT MATTER JURISDICTION

By his supplemental issue in appellate cause number 13-12-00199-CV, Dowell argues that Cameron County Court at Law Number 2 lacked subject matter jurisdiction to hear the family's survival and wrongful death claims. In attacking the two potential sources of jurisdiction, Dowell contends: (1) Cameron County Court at Law Number 2's probate jurisdiction does not extend to survival and wrongful death claims like a probate court's jurisdiction; and (2) the family pleaded damages in excess of Cameron County Court at Law Number 2's statutory jurisdictional amount limit.

---

[1] Trial testimony revealed Mario had not lived in Texas since 1979 and lived in Buffalo, New York at the time of the accident.

## A.    Standard of Review

"[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000).    It is never presumed and cannot be waived.    *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 443–44 (Tex. 1993).    It can be raised for the first time on appeal.    *Id*. at 445.    "If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause."    *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985).

Whether a court has subject matter jurisdiction is a question of law we review de novo.    *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).    We review the family's pleadings to determine whether it has "affirmatively demonstrate[d] the court's jurisdiction to hear the cause."    *Tex. Ass'n of Bus.*, 852 S.W.2d at 446; *see Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.—Corpus Christi 2003, pet. denied) ("It is incumbent upon the pleading party to allege sufficient facts to affirmatively show that the trial court has subject matter jurisdiction.").    We "construe the pleadings in favor of the plaintiff and look to the pleader's intent."    *Miranda*, 133 S.W.3d at 226; *Tex. Ass'n of Bus.*, 852 S.W.2d at 446 (citations omitted).    Regarding a plaintiff's responsibility to plead an amount in controversy that falls within a court's prescribed jurisdictional limits, it is presumed a trial court has jurisdiction "unless lack of jurisdiction affirmatively appears on the face of the petition."    *Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804 (Tex. 1989) (citation omitted).

In reviewing the jurisdiction statutes, our primary objective is to give effect to the Legislature's intent. TEX. GOV'T CODE ANN. § 312.005 (West, Westlaw through 2013 3d C.S.); *Molinet v. Kimbrell,* 356 S.W.3d 407, 411 (Tex. 2011). "The plain meaning of the text is the best expression of legislative intent unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Molinet,* 356 S.W.3d at 411; *see City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010).

## B. Probate Jurisdiction

In its pleadings, the family alleged Cameron County Court of Law Number 2 had jurisdiction because the survival and wrongful death claims were "incident to an estate" that had been opened in Cameron County. As a statutory county court, *see* TEX. GOV'T CODE ANN. § 25.0331(a)(2),[2] Cameron County Court at Law Number 2's jurisdiction over matters "incident to an estate" is outlined by section 5A(a) of the Texas Probate Code.[3] *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4161–62, *repealed by* Act of May 31, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279 (defining "matters incident to an estate" for statutory county courts). In

---

[2] Cameron County Court at Law Number 2 is not a statutory probate court. *Hartley v. Coker*, 843 S.W.2d 743, 746 (Tex. App.—Corpus Christi 1992, no pet.). "Statutory county courts exercising probate jurisdiction are not statutory probate courts under the [Probate] Code[] unless their statutorily designated name includes the term probate." *Schuele v. Schuele*, 119 S.W.3d 822, 824 (Tex. App.—San Antonio 2003, no pet.) (citation omitted); *Green v. Watson*, 860 S.W.2d 238, 242 (Tex. App.—Austin 1993, no writ) (citation omitted). Cameron County Court at Law Number 2's statutorily given title does not include the term "probate." *See* TEX. GOV'T CODE ANN. § 25.0331 (West, Westlaw through 2013 3d C.S.).

[3] At the time the family filed its claims, section 5A of the Texas Probate Code outlined the probate jurisdiction of statutory county courts. The Legislature repealed that section in 2009 as part of the replacement of the Probate Code with the Estates Code. *See* Act of May 31, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279. Because this action was filed before the effective date of the statutory change, we apply the repealed Probate Code sections. *See id.* § 12(i) ("The changes in law made by this section apply only to an action filed or a proceeding commenced on or after the effective date of this Act.").

the absence of the Legislature's inclusion of a matter in the types of claims a court exercising probate jurisdiction can hear, we use the "controlling issue test" to determine whether the matter falls within the court's jurisdiction. *See In re Puig*, 351 S.W.3d 301, 304 (Tex. 2011). Under that test, a suit is "incident to an estate when the controlling issue is the settlement, partition, or distribution of the estate." *Id.* (citation omitted). The Texas Supreme Court has determined, however, that "[t]he controlling issue in wrongful death and survival actions is *not* the settlement, partition, and distribution of the estate." *See Palmer v. Coble Wall Trust Co.*, 851 S.W.2d 178, 181 (Tex. 1992). If Cameron County Court at Law Number 2 has probate jurisdiction over the survival and wrongful death claims, it must come from the Probate Code's express inclusion of those claims for statutory county courts.

Cameron County Court at Law Number 2 "does not have the jurisdiction of a statutory probate court granted statutory probate courts by the Texas Probate Code." TEX. GOV'T CODE ANN. § 25.0003(f); *compare* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4161–62 (repealed 2009) (outlining statutory county courts' jurisdiction), *with* Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4163–64, *amended by* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4162; Act of May 20, 1997, 75th Leg., R.S., ch. 1302, § 1, 1997 Tex. Gen. Laws 4954, 4954–55; Act of April 26, 1999, 76th Leg., R.S., ch. 64, § 1, 1999 Tex. Gen. Laws 422, 422, Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 4 , 2003 Tex. Gen. Laws 3052, 3054, *repealed by* Act of May 31, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279 (outlining statutory probate courts' jurisdiction).

6

Unlike statutory county courts, statutory probate courts' probate jurisdiction extends to "actions by or against a person in the person's capacity as a personal representative." *See* Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4164 (repealed 2009).

The Legislature added this jurisdictional grant in response to *Seay v. Hall*, wherein the Texas Supreme Court held that probate courts did not have jurisdiction over survival and wrongful death claims because those claims were not incident to an estate. *See Palmer*, 851 S.W.2d at 181 (explaining that the "readily apparent purpose" of adding the language was to overrule *Seay v. Hall*); *see also* Act of May 17, 1985, 69th Leg., R.S., ch. 875, § 1, 1985 Tex. Gen. Laws 2995, 2996 (adding language), *amended by* Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4163–64,[4] Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4162; Act of May 20, 1997, 75th Leg., R.S., ch. 1302, § 1, 1997 Tex. Gen. Laws 4954, 4954–55; Act of April 26, 1999, 76th Leg., R.S., ch. 64, § 1, 1999 Tex. Gen. Laws 422, 422, Act of May 28, 2003, 78th Leg., R.S., ch. 1060, § 4 , 2003 Tex. Gen. Laws 3052, 3054, *repealed by* Act of May 31, 2009, 81st Leg., R.S., ch. 1351, § 12(h), 2009 Tex. Gen. Laws 4273, 4279; *see generally Seay v. Hall*, 677 S.W.2d 19, 21–25 (Tex. 1984), *overruled as stated in Palmer*, 851 S.W.2d at 181. Although the *Seay* Court reasoned that "[i]t cannot be argued seriously" that statutory county courts have dominant jurisdiction over survival and

---

[4] The 1985 amendment added the language to the end of subsection (b), but the 1987 amendment moved the language to a new subsection (c), where it remained until the Legislature replaced the Probate Code. *Compare* Act of May 17, 1985, 69th Leg., R.S., ch. 875, § 1, 1985 Tex. Gen. Laws 2995, 2996 (adding language to subsection (b)), *with* Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4163–64 (moving language to subsection (c)).

wrongful death actions and concluded that "the proper forum for the trial of such cases is in the state district courts[,]" *Seay*, 677 S.W.2d at 24, 25, the Legislature amended the statute to give only probate courts concurrent jurisdiction with district courts over survival and wrongful death claims. *See Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 620 (Tex. 2005) (noting that probate courts' jurisdiction over survival and wrongful death claims was statutorily given in the amendment); *Palmer*, 851 S.W.2d at 181 (stating the 1989 amendment's purpose was to grant probate courts jurisdiction over survival and wrongful death actions); *compare* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4161–62 (repealed 2009) (outlining statutory county courts' jurisdiction), *with* Act of May 19, 1989, 71st Leg., R.S., ch. 1035, § 3, 1989 Tex. Gen. Laws 4162, 4163–64 (amended 1993, 1997, 1999, 2003, repealed 2009) (outlining statutory probate courts' jurisdiction). Lacking a similar statutory provision, statutory county courts' probate jurisdiction does not cover survival and wrongful death actions. *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4161–62 (repealed 2009) (outlining statutory county courts' jurisdiction); *see also* TEX. GOV'T CODE ANN. § 25.0003(f) ("A statutory county court does not have the jurisdiction of a statutory probate court granted statutory probate courts by the Texas Probate Code.").

The family argues that its survival and wrongful death suit is "a claim by an estate," which section 5A(a) includes as incident to an estate for statutory county courts. *See* Act of May 30, 1993, 73rd Leg., R.S., ch. 957, § 6, 1993 Tex. Gen. Laws 4081, 4161–62 (repealed 2009). Contrary to the family's assertion that the Legislature added this provision in 2003, it is in the statute's original text. *See* Act of May 17, 1979, 66th Leg.,

R.S., ch. 713, § 3, 1979 Tex. Gen. Laws 1740, 1741. The *Seay* Court considered that language and concluded it did not cover survival and wrongful death actions because the Texas Probate Code defined "claims" as certain enumerated "liabilities of a decedent and debts due the family." *See Seay*, 677 S.W.2d at 23. The Legislature's solution to the probate courts' lack of jurisdiction over survival and wrongful death claims did not involve that language; the Legislature added new language to grant probate courts jurisdiction. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 875, § 1, 1985 Tex. Gen. Laws 2995, 2996 (amended 1987, 1989, 1993, 1997, 1999, 2003, repealed 2009); *Palmer*, 851 S.W.2d at 181. The addition is the source of the jurisdiction, and the family cannot rely on a statutory provision that predates *Seay* for jurisdiction created by language added after *Seay*.

The family also relies on *Tovias v. Wildwood Properties Partnership*, a dominant jurisdiction case. *See* 67 S.W.3d 527, 528–29 (Tex. App.—Houston [1st Dist.] 2002, no pet.). At issue in *Tovias* was whether the district court erred in granting a plea to the jurisdiction in a wrongful death action that the Toviases first filed in Cameron County Court at Law Number 2 before filing it in the district court. *See id.* at 529. Our sister appellate court held that the district court erred in granting the plea to the jurisdiction because "[t]he proper procedure for asserting dominant jurisdiction in such circumstances is a plea in abatement."[5] *Id.* Before reaching that conclusion, the court stated in dicta and without discussion that Cameron County Court at Law Number 2 had jurisdiction over the

---

[5] "The distinction matters because of the different relief available—dismissal when granting a plea to the jurisdiction versus abatement when granting a plea in abatement." *Tovias v. Wildwood Props. P'ship, L.P.*, 67 S.W.3d 527, 529 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

wrongful death action under section 5A(a) of the Texas Probate Code. *See id.* In light of our analysis, we disagree with the *Tovias* Court on that assumption.[6]

Because the Legislature opted against giving statutory county courts the same probate jurisdiction as probate courts to hear survival and wrongful death claims as "incident to an estate," Cameron County Court at Law Number 2 did not have subject matter jurisdiction to hear the family's survival and wrongful death claims "incident to an estate."

## C.    Amount in Controversy

Independent of its probate jurisdiction, Cameron County Court at Law Number 2's jurisdiction extends to "civil cases in which the amount in controversy exceeds $500 but does not exceed $1 million, excluding interest." TEX. GOV'T CODE ANN. § 25.0332(a)(2). Dowell contends that by requesting "a maximum of $4.5 million" in damages, the family pleaded itself out of that court. The family argues that "the monetary amounts are irrelevant when related to a probate proceeding[,]" and suggests the $4.5 million includes an unspecified amount of exemplary damages that we should subtract. We agree that if the family's wrongful death claim had been "incident to an estate," a jurisdictional ground we have already excluded, then monetary limits would not apply. *See, e.g., Womble v. Atkins*, 331 S.W.2d 294, 299 (Tex. 1960) ("The county court when sitting in probate is not subject to a monetary jurisdictional limit."); *Hailey v. Siglar*, 194 S.W.3d 74, 76 (Tex.

---

[6] Although the family cautions that disagreeing with *Tovias* violates *stare decisis*, we note that the decisions of sister appellate courts may be persuasive but are not binding on this Court. *See, e.g., In re Riggs*, 315 S.W.3d 613, 615 n.2 (Tex. App.—Fort Worth 2010, no pet.); *In re Swift Transp. Co., Inc.*, 311 S.W.3d 484, 490 n.2 (Tex. App.—El Paso 2009, no pet.); *see also Garza v. Deleon*, No. 13-13-00342-CV, 2013 WL 6730177, at *5 (Tex. App.—Corpus Christi Dec. 19, 2013, no pet.) (mem. op.).

App.—Texarkana 2006, pet. denied) ("The monetary limitations on a statutory county court's jurisdiction in civil cases do not limit its probate jurisdiction." (citing *English v. Cobb*, 593 S.W.2d 674, 675 (Tex. 1979))). However, in this case, monetary limits do apply. Moreover, it does not appear from the family's pleading that the $4.5 million includes exemplary damages. The family requested "a maximum of $4.5 million" and "punitive damages in an amount not less than ten (10) times actual damages." We do not therefore subtract an unspecified amount from the pleaded amount to create jurisdiction.

The family cites *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Columbia (ANPAC) v. Dow Quimica de Columbia, S.A.*, *see* 988 F.2d 559 (5th Cir. 1993), for the proposition that we should divide the amount it pleaded by the number of plaintiffs and assess the amount in controversy per plaintiff. *ANPAC* is inapposite; it is a federal case[7] discussing federal diversity jurisdiction—not the Texas Government Code or Texas common law. *See id*. at 563–66.[8] The family's survival and wrongful death claims are derivative claims. *See In re Labatt Food Serv., L.P.*, 279

---

[7] "Precedent of the Fifth Circuit, though persuasive, is not binding on this court." *J & J Sports Prods., Inc. v. JWJ Mgmt.*, 324 S.W.3d 823, 830 (Tex. App.—Fort Worth 2010, no pet.) (citing *Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993)).

[8] Moreover, the Fifth Circuit premised non-aggregation on the fact that the plaintiffs sought individual relief rather than a per capita share of a common claim, *see Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Columbia (ANPAC) v. Dow Quimica de Columbia, S.A.*, 988 F.2d 559, 563 (5th Cir. 1993), and it distinguished its own precedent "in which the plaintiffs were seeking essentially derivative recovery for injury to another person . . . even though that recovery must be divided according to the Texas laws of descent and distribution[,]" *id*. at 564. The estate's survival and wrongful death claims, on the other hand, are derivative claims. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 646 (Tex. 2009) (orig. proceeding) (defining wrongful death actions as "entirely derivative of the decedent's rights."); *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992) ("The survival action, as it is sometimes called, is wholly derivative of the decedent's rights."); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.003 (wrongful death), 71.021 (survival) (West, Westlaw through 2013 3d C.S.).

11

S.W.3d 640, 646 (Tex. 2009) (orig. proceeding) (defining wrongful death actions as "entirely derivative of the decedent's rights."); *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 345 (Tex. 1992) ("The survival action, as it is sometimes called, is wholly derivative of the decedent's rights."); *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.003 (providing that a wrongful-death action is available only when "the individual injured would have been entitled to bring an action for the injury . . . .); 71.021(a)–(b) (premising survival action on personal injury or liability of a decedent) (West, Westlaw through 2013 3d C.S.). One injury underlies the damages request; the plaintiffs did not join separate claims premised on individual or unique injuries. Although the wrongful-death recovery is apportioned amongst the plaintiffs, "all the persons within the classes named . . . recover one sum. . . [U]nder the statute there can be but one action." *Tex. & P. Ry. Co. v. Wood*, 199 S.W.2d 652, 654 (Tex. 1947). Thus, we disagree that the jurisdictional amount in controversy should be assessed per plaintiff in their survival and wrongful death actions that they are jointly entitled to bring.

It is clear from the family's pleadings and brief that they presumed the statutory county court had jurisdiction pursuant to the court's probate jurisdiction and that the family therefore did not need to confine its damages request to the court's non-probate jurisdictional maximum. Cameron County Court at Law Number 2, however, did not have probate jurisdiction to hear the family's claims, and we cannot overlook the family's request for damages in excess of the court's statutorily-defined jurisdictional allowance for non-probate claims. Accordingly, Cameron County Court at Law Number 2 did not

12

have jurisdiction under either its probate or general jurisdiction. We sustain Dowell's supplemental issue.

### III. CONCLUSION

Because Cameron County Court at Law Number 2 did not have subject matter jurisdiction over the family's survival and wrongful death claims, we vacate the trial court's judgment in appellate cause number 13-12-00199-CV, assess costs against the party incurring them, and dismiss the cause. *See* TEX. R. APP. P. 43.2(e); *Brownsville Indep. Sch. Dist. Bd. of Trs. v. Brownsville Herald*, 831 S.W.2d 537, 539 (Tex. App.—Corpus Christi 1992, no writ). Based on this conclusion, the family's appeal of the trial court's denial of its turnover request premised on the survival and wrongful death claims is moot, and we vacate the judgment in appellate cause number 13-12-00583-CV, assess costs against those incurring them, and dismiss the cause. *See Brownsville Herald*, 831 S.W.2d at 539.

GREGORY T. PERKES
Justice

Publish
TEX. R. APP. P. 47.2(b)

Delivered and filed the
2nd day of April, 2015.

13