**Dismissed and Opinion Filed May 21, 2021**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00185-CV

### IN THE INTEREST OF D.M., A MINOR CHILD

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-03631**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Goldstein
Opinion by Justice Molberg

Before the Court is appellants' motion for extension of time to file their notice of appeal from the trial court's December 15, 2020 final decree of divorce. The notice of appeal was filed March 25, 2021, outside the ninety-day deadline set by Texas Rule of Appellate Procedure 26.1(a), applicable when, as here, a motion for new trial is timely filed, but within the fifteen-day extension period provided by appellate rule 26.3. *See* TEX. R. APP. P. 26.1(a)(1), 26.3. For the reasons that follow, we deny the motion and dismiss the appeal.

The timely filing of a notice of appeal is jurisdictional. *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no

pet.) (op. on reh'g).  To obtain an extension for filing a notice of appeal, the party appealing must offer a reasonable explanation for the delay in filing.  *See* TEX. R. APP. P. 10.5(b)(1)(C), 26.3(b).  The Texas Supreme Court has defined "reasonable explanation" in the context of extension motions for notices of appeal as "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (Tex. 2003) (per curiam) (quoting *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex. 1977)). Examples of explanations courts have found reasonable under appellate rule 26.3 include miscommunication between counsel and client and an unawareness, misunderstanding, or miscalculation of the applicable appellate rules.  *See*, *e.g.*, *Nat'l Union Fire Ins. Co. v. Ninth Court of Appeals*, 864 S.W.2d 58, 60 (Tex. 1993) (confusion); *Gregorian v. Ewell*, 106 S.W.3d 257, 258 (Tex. App.—Fort Worth 2003, no pet.) (improperly calendared deadline); *Dimotsis v. Lloyds*, 966 S.W.2d 657, 657-58 (Tex. App.—San Antonio 1998, order) (per curiam) (misunderstanding); *Hagaman v. Morgan*, 886 S.W.2d 398, 403-04 (Tex. App.—Dallas 1994, writ denied) (miscommunication).

Appellants do not assert in their extension motion that any miscommunication, unawareness, or misunderstanding caused the delay.  Rather, they explain that they did not receive notice the divorce decree had been signed until

January 14,[1] when counsel looked at the court's docket online. Additionally, they explain that counsel's firm "was at one-third capacity" from February 15 to February 21 because of snowstorms in Texas; all of the firm's attorneys "were in a 4-day bench trial the weeks of February 22 and March 1;" and, counsel "had a time sensitive emergency . . . in another case . . . which has taken considerable time and resources."[2]

We conclude that these facts do not constitute "a reasonable explanation." Although appellants may not have received notice of the decree until January 14, they were nonetheless able to timely file a motion for new trial. The motion was filed that same day and was within thirty days of the decree, the same timeframe for filing a notice of appeal if no deadline-extending post-judgment motion is filed. *See* TEX. R. CIV. P. 329b(a) (deadline for filing motion for new trial); TEX. R. APP. P. 26.1 (deadline for filing notice of appeal). Further, although counsel and her firm may have been preoccupied with other matters between February 15 and March 5, and counsel may have been busy handling an emergency after that time, appellants fail to explain how this prevented them from timely filing the notice of appeal. *See Kidd v. Paxton*, 1 S.W.3d 309, 311 (Tex. App.—Amarillo 1999, no pet.) (op. on reh'g) (finding reason that counsel was preoccupied with other duties "deficient"

---

[1] Appellants filed in the trial court a motion to extend post-judgment deadlines based on receiving notice of the decree more than twenty days after it had been signed, *see* TEX. R. CIV. P. 306a(4),(5), but the motion was denied.

[2] The motion does not provide a date for when the emergency occurred.

where counsel failed to explain how those matters interfered with ability to file notice of appeal). The notice of appeal consists of just two sentences,[3] appellants became aware of the decree on January 14, and the deadline to file was March 15.

Because appellants failed to provide a reasonable explanation for the delay in filing their notice of appeal, we deny the extension motion and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a); *Brashear,* 302 S.W.3d at 545.

/Ken Molberg//

KEN MOLBERG
JUSTICE

210185f.p05

---

[3] The body of appellants' notice of appeal recites in its entirety as follows:

COME NOW, Respondents Henry Munoz and Maritza Munoz, and gives this Notice of Appeal pursuant to Tex. Civ. Prac. Rem. Code 51.012 from this Court's Final Judgment dated December 15, 2020.

This Appeal is taken to the Court of Appeals for the Fifth District of Texas at Dallas.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF D.M., A MINOR CHILD

No. 05-21-00185-CV

On Appeal from the 255th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-19-03631. Opinion delivered by Justice Molberg, Chief Justice Burns and Justice Goldstein participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Norma Ovalle recover her costs, if any, of this appeal from appellants Henry Munoz and Maritza Munoz.

Judgment entered this 21st day of May 2021.